IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

JERRY L. HARROLD,

        Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

        Defendant.

Case No. 06-CV-589-FHM

## ORDER

Plaintiff, Jerry L. Harrold, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct.

---

[1] Plaintiff's protectively filed April 6, 2004, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") John Volz was held February 8, 2006. By decision dated April 11, 2006, the ALJ entered the findings that are the subject of this appeal. The Appeals Council affirmed the findings of the ALJ on August 25, 2006. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

Plaintiff was born March 2, 1970, and was 36 years old at the time of the hearing. He has a high school education attending special education classes.  He formerly worked as maintenance supervisor and maintenance technician.  He claims to have been unable to work since July 10, 2003, as a result of back injury, high blood pressure, high pulse rate, allergy problems and a learning disability. [R. 75].  The ALJ determined that Plaintiff retains the ability to lift 20 pounds occasionally and 10 pounds frequently.  He can stand/walk or sit for 6 hours in an 8-hour workday and is capable of doing uncomplicated tasks with minimal supervision.  He cannot be around a large number of people (20-30) or the general public, but is able to get along with co-workers and can work with a limited number of people (5-6). [R. 18].  Although Plaintiff is unable to perform his past relevant work, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled.  *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts that the ALJ's determination is not supported by substantial evidence. Specifically, Plaintiff argues that the ALJ: failed to develop the record in that he did not order a consultative mental examination, and the step three determination is contrary to Plaintiff's full scale IQ of 61.

### Consultative Examination

At the hearing, Plaintiff's attorney asked the ALJ to order a mental consultative examination, the ALJ did not order one. Plaintiff asserts that the ALJ's failure to order a consultative mental examination was error.

An ALJ has the responsibility "in every case 'to ensure that an adequate record is developed during the disability hearing consistent with the issues raised.' " *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir.1997) ] (quoting *Henrie v. United States Dep't of Health & Human Servs.*, 13 F.3d 359, 360-61 (10th Cir.1993)). The responsibility to develop the record may require the ALJ to order a consultative examination. *See Hawkins*, 113 F.3d at 1166. However, the Commissioner is given broad latitude in making the decision to order such an examination. *Diaz v. Sec'y of Health & Human Servs.*, 898 F.2d 774, 778 (10th Cir.1990). The ALJ's duty is triggered only after the claimant has satisfied his or her burden to provide objective evidence "sufficient to suggest a reasonable possibility that a severe impairment exists." *Hawkins*, 113 F.3d at 1167. "[T]he ALJ should order a consultative exam when evidence in the record establishes the reasonable possibility of the existence of a disability and the result of the consultative exam could reasonably be expected to be of material assistance in resolving the issue of disability." *Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir. 1997)

The record before the ALJ did not suggest that a consultative examination would have been of material assistance. Plaintiff claimed to have a learning disability. [R. 75]. The consultative medical examiner recorded Plaintiff's description of his learning disability, as follows:

> Claimant describes learning disability. He relates he went to special education courses all through grade school and high school and does not read or write greater than the fifth grade level. He has a great deal of difficulty with reading, spelling and writing. He also has difficulty with learning relating he has difficulty learning most any type of task and has been told he cannot learn more than what it would take for him to do a hard physical job.

[R. 211]. Elsewhere in the record, the Psycho-Social Evaluation completed at CREOKS reported he was in class for mentally disabled children, but graduated high school and "[c]ompleted some courses in college in law enforcement." [R. 375]. On the mental status exam, the evaluator marked that Plaintiff displayed "above average" intellect. [R. 378]. There was nothing in the record before the ALJ that suggested Plaintiff could not perform the "uncomplicated tasks" of the RFC.

The Court finds there was no direct conflict in the medical evidence requiring resolution; the medical evidence in the record was not inconclusive; and additional tests were not required to explain a diagnosis already contained in the record. *See Hawkins*, 113 F.3d *at* 1166. The Court finds, therefore, that the ALJ did not err in failing to order a consultative examination.

The Court acknowledges Plaintiff's claim that the report of William T. Bryant, Ph.D. was objective evidence that should have prompted a consultative examination. However, it was not established that the record before the ALJ contained Dr. Bryant's report. Dr.

Bryant conducted his examination and prepared his report after the hearing, but before the ALJ's decision was issued. At the hearing, Plaintiff's attorney represented the record was complete, [R. 392], and made no request to keep the record open. Therefore the ALJ had no expectation that additional information would be submitted. Under these circumstances, the ALJ cannot be faulted for issuing a decision without considering Dr. Bryant's report. The Court therefore rejects any inference that the ALJ's failure to consider Dr. Bryant's report was error.

## Consideration of Dr. Byrant's Report

The Court will treat Dr. Bryant's report as an additional record submitted to the Appeals Council as permitted by 20 C.F.R. § 404.970(b). *See O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994)(records submitted to the Appeals Council become part of the Administrative Record to be considered when evaluating the Commissioner's decision for substantial evidence).

Following the hearing, Plaintiff was evaluated by William T. Bryant, Ph.D. [R. 384-388]. That evaluation was submitted to the Appeals Council. Dr. Bryant conducted IQ testing which Dr. Bryant stated demonstrated Plaintiff has mild mental retardation. [R. 388]. The IQ testing yielded the following scores: Verbal IQ 66; Performance IQ 60; Full Scale IQ 61. [R. 386]. According to Dr. Bryant, Plaintiff's reading level is so low, he essentially cannot read. [R. 387]. The Appeals Council addressed Dr. Bryant's evaluation and found that Dr. Bryant's evaluation did not provide a basis for changing the ALJ's decision, as follows:

> The consultative examiner at Exhibit 2F [sic][2] noted that you reported a learning disability and is silent for any reports of mental retardation. None of your treatment sources noted observations consistent with a diagnosis of mental retardation. Your work history is inconsistent with developmental deficiencies. Your report to Dr. Bryant that implied that your past work was of a routine nature learned in a supportive environment is not consistent with your description of your past work in the documentary record. You reported using power and hand tools, repairing a variety of appliances including heaters, air conditioners, stoves etc, and doing remodeling including dry wall work. (Exhibit 11E).

[R. 7]. The Appeals Council thus rejected the Dr. Bryant's report as inconsistent with the rest of the record.

In view of the Appeals Council's statements, the Court must determine: (1) whether, under 20 C.F.R. §§ 404.1527 and 416.927, the Appeals Council provided sufficient rationale to justify rejection of Dr. Bryant's report; and (2) whether that rationale has support in the record. Both questions are answered in the affirmative

The Commissioner is required to evaluate and weigh every medical opinion relating to the nature and severity of impairments using the following factors: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist; and (6) other factors in the record. 20 C.F.R. §§ 404.1527 and 416.927; *Robinson v. Barnhart*, 366 F.3d 1078, 1082 (10th Cir. 2004)(discussion cited regulations in context of treating physician opinion). Since Dr. Bryant performed a

---

[2] The consultative examination is found at Exhibit 12F in the Administrative Record. [R. 211].

consultative examination, the first two factors are not applicable. The Appeals Council found that the remaining considerations did not favor acceptance of Dr. Bryant's report. The Appeals Council pointed to a significant body of specific information in the record that was contrary to Dr. Bryant's report. The undersigned finds therefore that the Appeals Council provided sufficient rationale to reject Dr. Bryant's report. Further, the Court finds that the reasons the Appeals Council provided for rejecting Dr. Bryant's report are supported by substantial evidence in the record.

Since the Appeals Council properly rejected Dr. Bryant's report as being inconsistent with the other evidence of record, the Court finds that it was not error to fail to consider Dr. Bryant's report in the context of the Listings of Impairments.

## **CONCLUSION**

The Court finds that the record was evaluated in accordance with the legal standards established by the Commissioner and the courts. The Court further finds there is substantial evidence in the record to support the denial decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 15th day of October, 2007.

*Frank H. McCarthy*
FRANK H. MCCARTHY
UNITED STATES MAGISTRATE JUDGE