**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JERRY L. HARROLD,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner, Social Security<br>Administration,<br><br>    Defendant. | Case No. 06-CV-589-FHM |

**OPINION AND ORDER**

Plaintiff's Petition for the Award of Attorney's Fees Under the Equal Access to Justice Act [Dkt. 36] and Plaintiff's Motion to Supplement Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act [Dkt. 39] are before the court for decision. The motions have been fully briefed and are ripe for decision. Based on the analysis which follows, the motions are DENIED.

**Background**

Plaintiff's application for disability benefits was denied by the Administrative Law Judge (ALJ) who considered his case. Following the hearing with the ALJ, Plaintiff was evaluated by William T. Bryant, Ph.D. [R. 384-388]. Dr. Bryant conducted IQ testing which Dr. Bryant stated demonstrated Plaintiff has mild mental retardation. [R. 388]. The IQ testing yielded the following scores: Verbal IQ 66; Performance IQ 60; Full Scale IQ 61. [R. 386]. According to Dr. Bryant's report, Plaintiff's reading level is so low, he essentially cannot read. [R. 387]. That evaluation was submitted to the Appeals Council as permitted by the relevant regulations. The Appeals Council addressed Dr. Bryant's evaluation and

found that Dr. Bryant's evaluation did not provide a basis for changing the ALJ's decision, as follows:

> The consultative examiner at Exhibit 2F noted that you reported a learning disability and is silent for any reports of mental retardation. None of your treatment sources noted observations consistent with a diagnosis of mental retardation. Your work history is inconsistent with developmental deficiencies. Your report to Dr. Bryant that implied that your past work was of a routine nature learned in a supportive environment is not consistent with your description of your past work in the documentary record. You reported using power and hand tools, repairing a variety of appliances including heaters, air conditioners, stoves etc, and doing remodeling including dry wall work. (Exhibit 11E).

[R. 7]. The Appeals Council thus rejected Dr. Bryant's report as inconsistent with the rest of the record.

Plaintiff appealed the denial of benefits to the district court. The undersigned issued an order affirming the Commissioner's decision, [Dkt. 20], and entered judgment in the Commissioner's favor. [Dkt. 21]. Plaintiff appealed the court's order to the Tenth Circuit Court of Appeals. The Tenth Circuit reversed the district court and remanded the case for further proceedings on the basis that "the Appeals Council's rejection of Dr. Bryant's report is not supported by substantial evidence in the record." [Dkt. 31, p. 8].

The Tenth Circuit found that Plaintiff's characterization of himself as having a learning disability was irrelevant and an insufficient reason for rejecting Dr. Bryant's opinion that Plaintiff is mildly mentally retarded or the IQ scores that support his opinion. The Court also observed that Plaintiff's characterization was made to the consultative examiner who was performing a physical, not mental, examination of him. [Dkt. 31, p. 8]. The Court was critical of the Appeals Council's reliance on the fact that none of Plaintiff's treating

physicians noted observations consistent with a diagnosis of mental retardation, observing that none of the doctors were treating Plaintiff for problems related to his cognitive ability. *Id.* at 9. The Court also concluded that the Appeals Council should not have rejected Dr. Bryant's opinion on the basis that Plaintiff's work record was inconsistent with mental retardation. *Id.* at 10-11.

## Discussion

Plaintiff seeks an award of attorney fees under EAJA for the legal fees incurred in federal court. The Commissioner requests that the fee request be denied in its entirety on the basis that the government's position was substantially justified. The undersigned agrees that EAJA fees should be denied.

The Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, requires the United States to pay attorney fees and expenses to a "prevailing party" unless the Court finds the position of the United States was substantially justified, or special circumstances make an award unjust. 28 U.S.C. § 2412(d). The United States bears the burden of proving that its position was substantially justified. *Kemp v. Bowen*, 822 F.2d 966, 967 (10th Cir. 1987).

In *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988), the Supreme Court defined "substantially justified" as "justified in substance or in the main--that is, justified to a degree that could satisfy a reasonable person." "Substantially justified" is more than "merely undeserving of sanctions for frivolousness." *Id.* In determining whether the government's position is substantially justified, it would seem appropriate to equate the concept of substantial justification (i.e. "justified to a degree

that could satisfy a reasonable person)[1] with the substantial evidence (i.e. evidence a reasonable mind might accept as adequate to support a conclusion)[2] required to support the agency's decision.  However, the Tenth Circuit has rejected that approach holding that a position may be substantially justified even though it was not supported by substantial evidence.  If this were not the case, there would be "an automatic award of attorney's fees in all social security cases in which the government was unsuccessful on the merits." *Hadden v. Bowen*, 851 F.2d 1266, 1269 (10th Cir. 1988).  The Tenth Circuit has reasoned that an automatic award of fees under the EAJA would be contrary to the intent of Congress, and adopted the majority rule "that a lack of substantial evidence on the merits does not necessarily mean that the government's position was not substantially justified." *Id.* at 1267.  The Court approvingly quoted the following language from a Second Circuit case:

> [A] reversal based on the 'hazy contours of the "substantial evidence" rule' does not necessarily mean that the position of the Government was not substantially justified.

*Id.*, at 1269, (quoting *Cohen v. Bowen*, 837 F.2d 582, 858 (2nd Cir. 1988).

In this case, the Tenth Circuit reversed the case, not for legal error, but because it found the decision was not supported by substantial evidence.  The Tenth Circuit stated:

> [H]aving conducted the required substantial evidence review of this factual question, we agree with Mr. Harrold that the Appeals Council's rejection of Dr. Bryant's report is not supported by substantial evidence in the record.

---

[1] *Pierce*, 487 U.S. at 545.

[2] *Fowler v. Bowen,* 876 F.2d 1451, 1453 (10th Cir.1989).

4

[Dkt. 31, p. 8]. Since it is error to simply equate the Tenth Circuit's finding of a lack of substantial evidence on the merits with a lack of substantial justification and thereby automatically award fees under the EAJA, the undersigned has thoroughly reviewed the decision by the Appeals Council and the Tenth Circuit and has considered the arguments presented to determine whether the government's position had sufficient evidentiary support to be substantially justified. In conducting that review, the undersigned was guided by language in *Pierce v. Underwood*, that "a position can be justified even though it is not correct . . . and can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." 108 S.Ct. at 2550, n.2.

The Commissioner has demonstrated that, despite the finding of the Tenth Circuit that the Commissioner's decision was not correct, there was a reasonable basis in fact for the Commissioner's decision. The Commissioner points to Plaintiff's own description of his work history in his application materials where Plaintiff reported that as a maintenance worker in an apartment building he prepared work orders, supervised other employees, remodeled units, took care of pools and hot tubs, and worked on air conditioning units. [Dkt. 37, p. 4, citing R. 75]. In a work history report Plaintiff outlined his use of tools, and technical knowledge or skills in his work. [R. 67-72]. All of which the Appeals Council reasonably found was inconsistent with Plaintiff's portrayal of his past work to Dr. Bryant as being of a routine nature learned in a supportive environment. [R. 7]. Further, the Commissioner pointed out that based on Plaintiff's description of his work, the vocational expert characterized Plaintiff's past work as skilled work. The Tenth Circuit did not address

the inconsistency between Dr. Bryant's impression of Plaintiff's past work and Plaintiff's description of that work throughout the record.

The Commissioner has demonstrated that its position at both the agency and court level was substantially justified. Accordingly, the undersigned concludes that the Commissioner has demonstrated that EAJA fees should be denied.

The Court rejects Plaintiff's assertion that the Commissioner's opposition to the EAJA fee application is a "veiled attempt to win this case outside its merits," or an effort to punish him for bringing an appeal. [Dkt. 38, p. 7]. To the extent that Plaintiff argues that he "became entitled," [Dkt. 38, p. 7], to fees under the EAJA as the prevailing party when he prevailed on appeal, that argument is based on an inaccurate understanding of the legal standard for the award of EAJA fees. In *Hadden*, a case cited by Plaintiff, [Dkt. 36, p. 3; Dkt. 38, p. 3], the Court unmistakably held that it is error to necessarily equate a lack of substantial evidence with a lack of substantial justification and a fee award is not automatic in all successful Social Security appeals. 851 F.2d at 1268. Since a fee award is not automatic to a prevailing plaintiff under the EAJA, and since the government bears the burden of showing its position was substantially justified, the court finds no basis to criticize the government for opposing Plaintiff's fee application.

## Conclusion

Plaintiff's Petition for the Award of Attorney's Fees Under the Equal Access to Justice Act [Dkt. 36] and Plaintiff's Motion to Supplement Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act [Dkt. 39] are DENIED.

SO ORDERED this 10th day of June, 2009.

6

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE