**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JERRY L. HARROLD,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner, Social Security<br>Administration,<br><br>    Defendant. | Case No. 06-CV-589-FHM |

## OPINION AND ORDER

Plaintiff's counsel seeks approval of an attorney fee award of $10,600 pursuant to the terms of 42 U.S.C. § 406(b) and the contingency fee agreement between Plaintiff and counsel. [Dkt. 50].  Counsel has certified that Plaintiff has been advised of the fee request in accordance with General Order 07-06.  Plaintiff has failed to return the form indicating whether he objects to a fee award to counsel. [Dkt. 53].  The Court finds that Plaintiff has waived any potential objection to a fee award made under §406(b).

The Court previously granted counsel's request under Fed. R. Civ. P. 60(b)(6) for permission to file a request for fees under 42 U.S.C. § 406(b) within 60 days of counsel's receipt of the Notice of Award. [Dkt. 49].  The instant motion was filed within the 60 day time frame and is therefore timely.

Section 406(b)(1) allows an award of attorney fees, payable from the past due benefits withheld by the Social Security Administration, when the district court has remanded a Title II Social Security case for further proceedings and benefits are awarded on remand.  *McGraw v. Barnhart*, 450 F.3d 493 (10th Cir. 2006).  42 U.S.C. § 406(b)(1)(A) provides that a court may award "a reasonable fee . . . not in excess of 25 percent of the

. . . past due benefits" awarded to the claimant.  The fee is payable "out of, and not in addition to, the amount of the [the] past-due benefits."  Section 406(b)(1)(A) does not replace contingency fee agreements between Social Security claimants and their counsel.  Instead, that section requires the district court to review contingency fee agreements as an "independent check" to assure that the agreement yields a reasonable result.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807, 122 S.Ct. 1817, 1828, 152 L.Ed.2d 996 (2002).  Section 406(b) provides a boundary that agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.  *Id.*

In determining whether a fee resulting from a contingency fee contract is reasonable, it is appropriate to adjust the attorney's recovery based on the character of the representation and the results the representation achieved.  A reduction is in order if the attorney is responsible for delay, so the attorney will not profit from the accumulation of past-due benefits while the case is pending in court.  In addition, if the benefits are large in comparison to the amount of time counsel spent on the case, the fee award may be adjusted.  *Id.* 535 U.S. at 808, 122 S.Ct. at 1828.  Further, the burden to prove the fee is reasonable is placed upon the attorney seeking the fee.  *Id.* at n.17.

The undersigned concludes that the requested fee award of $10,600 which is less than 25% of Plaintiff's past due benefit award as reflected in the record submitted is reasonable.  That award comports with the agreement between counsel and Plaintiff[1] and the statutory limits of §406(b).  The fee yields an hourly rate of approximately $160 per hour for roughly 66 hours of work performed in federal court, which does not amount to a

---

[1] The attorney fee contract is one for a contingency fee in which Plaintiff agreed to pay for work performed in federal court equal to 25% of Plaintiff's past due benefits. [Dkt. 50-1].

windfall. Often a fee recovery in a percentage-based contingency fee contract will be higher than the fee produced by a straight hourly rate agreement. That circumstance serves to induce attorneys to risk providing legal services in cases where they may not be paid.

Plaintiff's Attorney's Motion for an Award of Attorney Fees Pursuant to 42 U.S.C. § 406(b), [Dkt. 50] is GRANTED. Counsel is awarded $10,600 to be paid from Plaintiff's past due benefits.

SO ORDERED this 19th day of October, 2010.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE